UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMANDA W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5598 MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting medical opinions and her own testimony describing manipulative limitations. (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1980, has a ninth-grade education, and has worked as a fast food worker, cook helper, and cleaner. AR at 26, 68. Plaintiff was last gainfully employed in 2010. *Id.* at 290.

In August 2015, Plaintiff applied for benefits, alleging disability as of February 1, 2012. AR at 257-62. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 140-51, 155-64. After the ALJ conducted a hearing in February 2018 (dkt. # 12), the ALJ issued a decision finding Plaintiff not disabled. AR at 15-28.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff's lumbar spondylosis without myelopathy; mild bilateral carpal tunnel syndrome, status-post left surgical release; status-post left wrist ganglion removal; trochanteric hip bursitis; cervical spine degenerative disc disease; right shoulder impingement and bicipital tenosynovitis; congenital short right clavicle with wide acromioclavicular joint; history of irritable bowel syndrome and gastroparesis; major depressive disorder; posttraumatic stress disorder; borderline personality disorder; borderline intellectual functioning; and somatic symptom disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional impairments: she can occasionally balance, stoop, kneel, and crouch, and never climb or crawl. She can occasionally reach above shoulder level and frequently reach below shoulder level. She can frequently handle and finger bilaterally. She must avoid concentrated exposure to vibration and hazards. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. She requires a work environment with minimal supervisor contact (i.e. contact that does not occur regularly, but this term does not preclude simple and superficial exchanges or being in proximity to supervisors). She can work in proximity to co-workers, but cannot have more than superficial interactions with co-workers and cannot work in a cooperative or team effort. She requires a work environment that is predictable with few work setting changes and no public contact.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Did Not Err in Discounting Medical Opinions or Plaintiff's Allegations Regarding Her Manipulative Limitations**

The ALJ found that Plaintiff could occasionally reach above the shoulder level and frequently reach below the shoulder level, and could frequently handle and finger bilaterally. AR

at 20. The ALJ discounted opinions written by Plaintiff's treating physician, Adrienne Lopata, M.D., and the State agency consultants, along with Plaintiff's own testimony that she was more limited as to reaching, handling, and fingering than found by the ALJ. *Id.* at 21. Plaintiff challenges several aspects of the ALJ's decision, each of which the Court will address in turn.

### 1. State Agency Opinions

The State agency consultants opined that Plaintiff was limited to occasional handling and fingering bilaterally, "due to [bilateral carpal tunnel syndrome] pending release." AR at 116-17, 133. Those opinions did not take into account Plaintiff's condition after her carpal tunnel syndrome release on the left, however: as noted by the ALJ, Plaintiff reported that her numbness, tingling, and cold feeling on the left had resolved with the surgery, and her exam findings were normal thereafter. *Id.* at 21 (citing *id.* at 685, 1067). Plaintiff's providers told her in August 2015 that she could come back whenever she desired carpal tunnel surgery on the right, but the record contains no evidence that she ever did seek surgery on the right. *Id.* at 1067-68. Furthermore, the treatment record contains scant mention of Plaintiff's wrist issues (on either the left or right) after her recovery from surgery, which is consistent with the ALJ's interpretation of the evidence.[3]

Plaintiff argues that the ALJ failed to explain why he rejected the State agency opinions as to Plaintiff's manipulative capabilities on the right, because the ALJ's reasoning only pertains to her improvement on the left after surgery. (Dkt. # 13 at 5.) But, as explained above, the ALJ found that the treatment record does not contain references to complaints or abnormal test results on the left *or* right post-surgery, and thus the ALJ's findings of improvement at the time of

---

[3] The ALJ acknowledged that an examining physical therapist recorded complaints and abnormal test results in June 2016, but the ALJ found this to be inconsistent with the contemporaneous treatment record. AR at 24. Plaintiff has not assigned error to the ALJ's assessment of this evaluation.

surgery apply to Plaintiff's manipulative capabilities bilaterally. Therefore, Plaintiff has failed to establish error in the ALJ's assessment of the State agency opinions.

    2.    *Dr. Lopata*

Dr. Lopata opined in February 2017 that *inter alia* Plaintiff was limited to occasional reaching, handling, and fingering on the right. AR at 706-07. The ALJ summarized this opinion and other opinions provided by Dr. Lopata, and discounted them as inconsistent with the longitudinal treatment, "including physical exams noted above." *Id*. at 23. Earlier in the decision, the ALJ had described the objective evidence pertaining to Plaintiff's hands/wrists and found that it showed "some signs of reduced functioning, but not to the full extent alleged." *Id*. at 21. The ALJ also found that Plaintiff's activities were inconsistent with Dr. Lopata's opinions. *Id*. at 23-24.

Both of the ALJ's lines of reasoning are legally sufficient reasons to discount Dr. Lopata's opinion regarding Plaintiff's manipulative limitations. As explained above, substantial evidence supports the ALJ's finding that the treatment record contradicts Dr. Lopata's description of Plaintiff's manipulative limitations. Plaintiff points to objective evidence that she contends corroborates Dr. Lopata's opinion, namely a 2016 physical capacities examination performed by occupational therapist Julie Milasich, OTR/L. *See* AR at 1134-38. But, as mentioned *supra*, the ALJ discussed this examination report and explained why he found it to be inconsistent with the contemporaneous testing (*id*. at 24), and Plaintiff did not challenge the ALJ's discounting of Ms. Milasich's opinion. Given that the ALJ discounted Ms. Milasich's opinion, and Plaintiff has not challenged that assessment, that Ms. Milasich's opinion corroborates Dr. Lopata's opinion is unavailing to Plaintiff here.

Plaintiff also suggests that findings from an orthopedist corroborate Dr. Lopata's opinion

(dkt. # 13 at 10 (citing AR at 820)), but she fails to acknowledge that the orthopedist's notes were written before Plaintiff's carpal tunnel surgery. In light of this timing, these notes do not establish error in the ALJ's assessment of Dr. Lopata's opinion or the medical record, because the ALJ found that Plaintiff's condition improved after surgery. Accordingly, to the extent that Plaintiff contends that the ALJ cherry-picked evidence, this argument is not persuasive because Plaintiff has not shown that the record contains probative evidence that the ALJ failed to account for.

In addition, Plaintiff's ability to drive, shop, cook, and clean also contradict the limitations described by Dr. Lopata, as found by the ALJ. AR at 23-24. Even if other cited activities, such as childcare, do not necessarily contradict Plaintiff's allegations of manipulative limitations, the ALJ reasonably found Plaintiff's ability to drive, shop, cook, and clean to be inconsistent with the manipulative limitations she described. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Although Plaintiff suggests that her ability to drive, shop, cook, and clean is not inconsistent with the limitations described by Dr. Lopata because there is no evidence that she engaged in those activities for more than one-third of a workday (dkt. # 13 at 11), this argument is not supported by the record, which documents reports that although she experienced pain in her wrists, *inter alia*, she was able to complete her activities of daily living. *See, e.g.*, AR at 283-84, 331-32, 680, 691, 840, 1048, 1084. Thus, the ALJ did not err in discounting Dr. Lopata's opinion based on inconsistency with Plaintiff's activities.

    3.  *Plaintiff's Allegations*

The ALJ noted that Plaintiff alleged bilateral hand/wrist numbness and pain even after

her carpal tunnel surgery on the left, and that she has problems opening things, dropping things, and cannot reach or lift/carry much weight. AR at 21. The ALJ discounted Plaintiff's alleged manipulative limitations in light of objective medical evidence showing she was less limited than described, citing the lack of evidence of muscle wasting, the indication that her carpal tunnel syndrome was mild (see *id*. at 577), the reports of improvement after surgery, and the normal examination findings in the treatment record post-surgery. *Id*. at 21-22 (citing *id*. at 685, 820, 825, 883, 1067).

Plaintiff argues that the ALJ erred in discounting her testimony solely on lack of support in the objective medical record. *See Rollins*, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). But the ALJ did not rely on a lack of corroboration in the medical record; he cited medical evidence that contradicts Plaintiff's allegations of severe limitations. An ALJ is permitted to discount a claimant's testimony based on contradiction with the objective medical record. *See Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Thus, Plaintiff has not established error in the ALJ's finding that her alleged manipulative limitations were contradicted by the objective treatment record.

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 16th day of March, 2020.

*/s/ MJPeterson*

MICHELLE L. PETERSON
United States Magistrate Judge